IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-173-FL

| | |
|---|---|
| WAQAS ALI, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | )    ORDER |
| EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter is before the court upon plaintiff's motion (DE 21) to strike certain affirmative defenses in the answer of defendant Experian Information Solutions, Inc. ("Experian"). The motion has been briefed fully, and the issues raised are ripe for ruling. For the following reasons, the motion is granted in part and denied in part.

### STATEMENT OF THE CASE

Plaintiff commenced this action on April 24, 2020, asserting defendants violated their statutory duties under the Fair Credit Reporting Act ("FCRA") and the North Carolina Identity Theft Protection Act ("ITPA") in addressing plaintiff's notification to defendants that he was the victim of identity theft and other fraudulent activity. Plaintiff seeks actual, statutory, and punitive damages, as well as attorney's fees.

Defendant Experian filed an answer to plaintiff's complaint on July 20, 2020, which contains multiple affirmative defenses.[1] On August 10, 2020, plaintiff filed the instant motion to strike defendant Experian's seventh, eighth, and tenth affirmative defenses (contributory negligence, estoppel, and unclean hands), asserting that the contested portions are immaterial and legally insufficient defenses to FCRA and ITPA claims. In response, defendant Experian consents to striking the eighth and tenth affirmative defenses (estoppel and unclean hands), and it consents to striking the seventh affirmative defense of contributory negligence as applied to plaintiff's claims under ITPA.[2] With respect to contributory negligence under the FCRA, defendant Experian argues that contributory negligence, as asserted here, is a valid legal defense to FCRA claims and that, further, plaintiff cannot make the requisite showing of prejudice to strike the defense. Plaintiff replied in support of the instant motion on September 18, 2020.

## STATEMENT OF FACTS

For purposes of background to the instant motion, the facts alleged in the complaint may be summarized as follows.

While plaintiff lived abroad, he learned that his name and Social Security Number had been used without his knowledge in Virginia. Plaintiff informed defendant Experian, along with other credit reporting agencies, that he was a victim of identity theft. Years later, plaintiff noticed that there were still fraudulent accounts and addresses on his consumer file maintained by defendant Experian, which plaintiff requested be removed.

At some point, defendant Experian allegedly reinvestigated whether the contested information was fraudulent and concluded it was not, adding it back to plaintiff's file without

---

[1] The instant motion only seeks to strike portions of defendant Experian's answer, and does not concern the answers of defendant Equifax Information Services, LLC and defendant Trans Union, LLC.

[2] Accordingly, in these parts, the instant motion to strike is granted.

2

notifying him. Defendant Experian allegedly continued to issue consumer credit reports concerning plaintiff without his express authorization, which still contained the fraudulent information that had been re-added. According to the complaint, these credit reports were disclosed to unnamed companies for use in transactions not involving the plaintiff.

During this time, plaintiff allegedly suffered adverse housing and utility decisions, emotional distress and embarrassment, and other actual damages including economic loss. Plaintiff asserts that this was caused by defendant Experian's willful noncompliance with the FCRA's requirements or by defendant Experian's negligence in regard to the FCRA's requirements.

As pertinent here, defendant Experian responds, in the form of an affirmative defense, that "any alleged damages sustained by [p]laintiff are due, at least in part, to the actions or inactions of [p]laintiff himself. As such, [p]laintiff's contributory negligence operates as a bar to his recovery in this action." (Def.'s Answer (DE 19) 17).

## DISCUSSION

A.  Standard of Review

A district court may, on motion of a party or on its own initiative, strike from a pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The decision whether to grant or deny a motion to strike is within the discretion of the district court. See United States v. Ancient Coin Collectors Guild, 899 F.3d 295, 324 (4th Cir. 2018), cert. denied, 139 S. Ct. 1191 (2019). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations omitted). "Nevertheless, a defense that might confuse the

Case 5:20-cv-00173-FL   Document 35   Filed 10/13/20   Page 3 of 8

issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." Id. (internal quotations omitted).

B.  Analysis

To determine whether defendant Experian's seventh affirmative defense constitutes a valid defense to plaintiff's FCRA claim, the court turns first to the text of the FCRA.

The FCRA requires consumer credit reporting agencies ("CRAs") to maintain "reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). Specific requirements include allowing consumers to access the CRA's file on the individual consumer, id. §1681g(a), following "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," id. §1681e(b), reinvestigating portions of the consumer's file that are disputed as inaccurate or incomplete by the consumer, id. § 1681i(a), warding against the reappearance of previously deleted inaccurate or incomplete information, id. § 1681(a)(5)(C), and, finally, limiting to whom and for what purpose disclosures of the consumer's file may be made to third parties, id. § 1681b.

The FRCA creates civil liability for CRAs for two types of noncompliance: willful and negligent. First, any CRA that "is willful in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure" or statutory damages between $100.00 and $1,000.00, as well as attorney's fees. Id. § 1681n(a). Willful violations can also result in "punitive damages as the court may allow." Id. CRAs are only liable for actual damages caused to a consumer if they were merely negligent in their noncompliance but may also

4

be liable for attorney's fees. Id. § 1681o(a). "Actual damages may include not only economic damages, but also damages for humiliation and mental distress." Sloane v. Equifax Info. Servs., LLC, 510 F.3d 495, 500 (4th Cir. 2007).

The requisite mental state required differs for each type of noncompliance, with willful specifically covering both "knowing violations" and "reckless ones," see Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57, (2007), while negligent noncompliance is typically examined under traditional principles of negligence, see, e.g., Ausherman v. Bank of Am. Corp., 352 F.3d 896, 902 (4th Cir. 2003); see also Safeco, 551 U.S. at 68-69 (explaining that courts "have no reason to deviate from the common law understanding" of tort principles like recklessness "in applying the [FCRA]"); Seamans v. Temple Univ., 744 F.3d 853, 864 (3d Cir. 2014) (analyzing plaintiff's §1681o claim using negligence terminology such as "duty" and "breach"); Wantz v. Experian Info. Sols., 386 F.3d 829, 834 (7th Cir. 2004) (same), abrogated on other grounds by Safeco, 551 U.S. 47.

For example, in Ausherman, the United States Court of Appeals for the Fourth Circuit upheld summary judgment in favor of a defendant company where the plaintiffs had presented no evidence that the defendant willfully had not complied with the FCRA or "negligently breached a duty owed to them to implement and maintain procedures to prevent violations of the [FCRA]." 352 F.3d at 898-99. The court rejected plaintiffs' assertion that they could proceed on a theory of res ipsa loqutur to remedy their failure to indicate how defendant had violated the FCRA's requirements. Id. at 901-02. The court explained that the negligence-based theory could not be used to prove a "duty" by defendant that had been violated, but it noted that other courts had suggested such a theory could be used to prove "causation" under a FCRA claim. Id. (citing Philbin v. Trans Union Corp., 101 F.3d 957, 963-65 (3d Cir. 1996)).

5

Although the Fourth Circuit has not explicitly ruled on § 1681n(a) or § 1681o(a)'s causation requirements, the plain language of each subsection indicates the need for some causal nexus between the CRA's action or nonaction and the consumer's harm. See 15 U.S.C. §§ 1681n(a)(1)(A), 1681o(a) (requiring "actual damages sustained . . . as a result of the [CRA's] failure" (emphasis added)); see also Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 240 (4th Cir. 2009) (explaining that plaintiff "bears the burden of proving actual damages sustained as a result of [defendant CRA's] activities"). This reading of the statute is confirmed by other circuit courts' more direct treatment of the issue. See, e.g., Philbin v. Trans Union Corp., 101 F.3d 957, 966 (3d Cir. 1996) ("[A] FCRA plaintiff must prove causation by a preponderance of the evidence."), abrogated on other grounds by Safeco, 551 U.S. 47; accord Cousin v. Trans Union Corp., 246 F.3d 359, 370 (5th Cir. 2001) (holding that, because plaintiff-consumer's "emotional distress from the denial of credit [could not] be attributed to" the defendant-CRA, "he [could not] recover actual damages for that distress"); Crabill v. Trans Union, L.L.C., 259 F.3d 662, 664 (7th Cir. 2001) ("Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages.'"). Further, at least one court in this circuit has held that a FCRA claimant's own conduct may "break[] any chain of causation as far as negligent or willful acts on the part of [d]efendants might be concerned." Tinsley v. TRW Inc., 879 F. Supp. 550, 552 (D. Md. 1995).

Accordingly, defendant's affirmative defense is valid in that part where defendant Experian asserts intervening conduct on the part of plaintiff that would negate his prima facie claim for damages under the FCRA due to a lack of causation.[3] In particular, defendant asserts that "any

---

[3] This is also a theory of defense that plaintiff suggests would not be impermissible to plead. (See Pl.'s Reply Def.'s Resp. Mot. Strike (DE 33) 4 (stating that the issue "is more properly analyzed as causation or mitigation of damages").

6

alleged damages sustained by [p]laintiff are due, at least in part, to the actions or inactions of [p]laintiff himself." (Def.'s Answer (DE 19) 17); (see also id. at 16 (asserting a "Second Affirmative Defense" that for "any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of [defendant Experian] was not a proximate cause of the alleged injuries")). In this respect, the seventh affirmative defense is construed as an assertion by defendant Experian that it did not cause plaintiff's harm as alleged in the complaint, (see, e.g., Compl. (DE 1) ¶¶ 32-34).[4] Therefore, plaintiff's motion to strike defendant's seventh affirmative defense in this part is denied.

Defendant has not demonstrated, by contrast, a legal basis for asserting expressly that plaintiff's "contributory negligence" bars recovery in this action. (Def.'s Answer (DE 19) 17). Defendant has not pointed to, nor has the court's research revealed, any authority that has recognized that contributory negligence, as that term is understood in, for example, North Carolina common law, can serve as an absolute bar to recovery for a FCRA claim. In this part, plaintiff's motion to strike is granted, and the court strikes defendant Experian's assertion that "[p]laintiff's contributory negligence operates as a bar to his recovery in this action." (Def.'s Answer (DE 19) 17).[5]

---

[4] In addition, "a showing of prejudice to the moving party has often been required before a 12(f) motion to strike can be granted." See Godfredson v. JBC Legal Grp., P.C., 387 F. Supp. 2d 543, 556 (E.D.N.C. 2005). Here, the conceded similarity of the seventh affirmative defense to the second and third affirmative defenses (intervening cause and mitigation of damages), (Def.'s Answer (DE 19) 17), reduces any prejudice caused by additional discovery as a result of the court's avoidance of the harsh remedy of striking a pleading.

[5] The court does not strike defendant Experian's affirmative defense in this part because it lacks the requisite factual sufficiency required under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Rather, the court strikes it in this part because of the lack of legal basis for such an affirmative defense. As noted previously by this court, "the Fourth Circuit has not addressed whether the Twombly/Iqbal standard applies to affirmative defenses," and, in the absence of binding precedent, "[t]his court repeatedly has held that" it does not. See, e.g., Liles v. Wyman, No. 7:18-CV-210-FL, 2019 WL 5677930, at *3 (E.D.N.C. Oct. 31, 2019).

7

## CONCLUSION

Based on the foregoing, plaintiff's motion to strike is GRANTED IN PART and DENIED IN PART. The court STRIKES defendant Experian's eighth and tenth affirmative defenses (estoppel and unclean hands), and it STRIKES the seventh affirmative defense (contributory negligence) as applied to plaintiff's claims under ITPA. With respect to the FCRA, the court allows defendant Experian to assert as its seventh affirmative defense that "any alleged damages sustained by [p]laintiff are due, at least in part, to the actions or inactions of [p]laintiff himself." (Def.'s Answer (DE 19) 17). By contrast, the court STRIKES that portion of the seventh affirmative defense stating: "As such, [p]laintiff's contributory negligence operates as a bar to his recovery in this action." (Def.'s Answer (DE 19) 17).

SO ORDERED, this the 13th day of October, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge